IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:00-CR-00034-KDB-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**DAVID GLENN GREEN,**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant David Glenn Green's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 153). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Butner Medium II[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. He also claims he is serving stacked life sentences which is excessive. *Id*. The Government opposes the motion. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

## I.  BACKGROUND

In June and July of 2000, Defendant committed two armed-bank robberies, one at a First Citizens Bank in Lincolnton, North Carolina, and one at a Bank of America in Stanley, North

---

[1] According to the Bureau of Prison's (BOP) website, FCI Butner Medium II currently has one inmate and zero staff with confirmed active cases of COVID-19. There have been 3 inmate deaths and no staff deaths, while 402 inmates have recovered and 24 staff have recovered. Additionally, at the Butner complex, 896 staff have been fully inoculated and 2,481 inmates have been fully inoculated.

Carolina. (Doc. No. 144, ¶¶ 9-12). During the first robbery, Defendant pointed a long-barreled handgun at the teller demanding cash. *Id*. During the second robbery, Defendant displayed a semi-automatic pistol while demanding money. *Id*. At the time Defendant committed these offenses, he had previously been convicted of armed robbery, robbery with a firearm, and common-law robbery under North Carolina law. *Id.*, ¶¶ 46-47, 51.

A federal grand jury indicted Defendant and charged him with two counts of bank robbery, 18 U.S.C. § 2113(a); two counts of armed bank robbery, 18 U.S.C. § 2113(d); and two counts of using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1). (Doc. No. 38). The United States filed an Information under 18 U.S.C. § 3559(c), notifying the Court and Defendant that he was subject to a mandatory sentence of life in prison because he had previous convictions for two or more serious violent felonies. (Doc. No. 43).

In November of 2001, a jury found Defendant guilty of each of the charged offenses. (Doc. No. 77). The Court's probation office's presentence report designated Defendant a career offender thereby increasing his adjusted and total offense levels to 37. (Doc. No. 144, ¶¶ 39, 41). Based on a total offense level of 37, and a criminal history category of VI, Defendant's guidelines range was determined to be between 360 months to life in prison. *Id*., ¶ 83. Under 18 U.S.C. § 3559(c)(1), however, Defendant was subject to a sentence of life in prison for the bank-robbery offenses and consecutive sentences of life in prison for the section 924(c) offenses. *Id.*, ¶¶ 82-83. This Court sentenced Defendant to concurrent sentences of life in prison for the armed-bank-robbery offenses and to consecutive terms of life in prison for each of his section 924(c) firearm offenses. (Doc. No. 102 at 2). The Fourth Circuit affirmed his conviction and sentence on appeal. (Doc. No. 113).

Defendant is a 64-year-old male serving his prison sentence at FCI Butner Medium II in North Carolina. He is serving consecutive life sentences. Defendant bases his motion on the threat posed by the COVID-19 pandemic and states that he suffers from hypertension, knee pain and successfully completed the treatment for Hepatitis C, all which place him at a greater risk of death from COVID-19 complications. (Doc. No. 153, at 6, 10). The Government responded to Defendant's current motion on July 2, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 157).

## II. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.**—The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction

> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). Upon exhaustion of his administrative remedies, "a defendant becomes *eligible* for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. High*, __ F.3d __, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021).

However, there is currently no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). "The only policy statement that could possibly be 'applicable'" is U.S.S.G. § 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *McCoy*, 981 F.3d at 282 (emphasis added). Section 1B1.13 applies only to BOP-filed motions. As a result, district courts may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.* Still, the Fourth Circuit has recognized that Section 1B1.13 provides helpful guidance to courts in determining what constitutes "extraordinary and compelling reasons." *High*, __ F.3d at __, 2021 WL 1823289, at *3. With respect to medical conditions, Section 1B1.13 states that extraordinary and compelling reasons include when a "defendant is suffering from a terminal illness" or is "suffering from a serious physical or medical condition." U.S.S.G. 1B1.13 cmt. 1(A)(i), (ii).

Even if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must consider the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense"; "the history

and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III.  DISCUSSION

*A. Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3

(S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A).").

The Government does not argue that Defendant's motion should be denied for failure to exhaust his administrative remedies. Because the Government did not raise the issue of exhaustion, the Court deems that it has waived the defense. Accordingly, the Court will proceed to address the merits of Defendant's motion.

B. *Extraordinary and Compelling Reasons*

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. Defendant's BOP medical records reflect that he has hypertension, knee pain and successfully completed treatment for Hepatitis C (in 2017). (Doc. No. 154). At this time, each of these conditions appear well-controlled with medication and follow-up medical visits provided by the institution. *Id*.

Defendant suggests that hypertension is a risk factor, but the CDC has stated only that hypertension *may* present an increased risk of severe illness.[2] As courts have found, a diagnosis of hypertension does not necessarily establish an "extraordinary and compelling" circumstance warranting compassionate release. *See United States v. Brown*, No. 3:16CR209-MOC, 2020 WL

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

2926472, at *1-*2 (W.D.N.C. 2020) (denying compassionate release to inmate with hypertension, diabetes, and pulmonary sarcoidosis); *United States v. Buchanon*, No. 3:18CR199, 2020 WL 5026849 at *2 (E.D. Tenn. 2020) (denying compassionate release to inmate diagnosed with sarcoidosis and hypertension); *United States v. Durham*, 2020 WL 5577884, at*2 (hypertension is not sufficient: "Given the lack of data and certainty regarding this second group of conditions, the fact that Defendant has a condition that may increase his risk for severe illness from COVID-19, without more, does not present an 'extraordinary and compelling reason' under the compassionate release statute and U.S.S.G. § 1B1.13."); *cf. United States v. Williams*, No. 5:19CR342, 2020 WL 2404680, at * (E.D.N.C. 2020) (denying pre-trial release to detainee with asthma, COPD, congestive heart failure, and hypertension).

Defendant also contends that his serving consecutive life sentences for § 924(c) convictions arising out of two armed bank robberies is an extraordinary and compelling reason to reduce his sentence. In *McCoy*, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in section 1B1.13 and that a district court *may* "treat[] as [an] 'extraordinary and compelling reason[]' for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's] sentences and those provided for under the First Step Act." 981 F.3d 271, 286 (4th Cir. 2020). Were § 403 of the First Step Act in effect when Defendant was sentenced, he would have received a consecutive sentence of no more than 7 years in prison for each of the § 924(c) sentences. *See* 18 U.S.C. § 924(c)(1)(A)(ii).

However, Defendant committed two armed robberies, was 43 years old when he committed his offenses and has a history of committing armed robberies. Defendant has not identified any reason supporting the reduction of the life sentence he is serving for his bank-robbery convictions.

Because of the severity of his criminal history, he would receive the same life sentence if he were convicted today, so none of the reasons supporting the district court's finding of extraordinary and compelling reasons in *McCoy* apply to Defendant's bank-robbery sentence.

The Government informs this Court that the Bureau of Prisons has now offered a vaccine to every inmate in BOP-managed institutions, with the exception of some inmates who were recently admitted after the administration of vaccines at that facility. Defendant was not recently admitted, so he has been offered the opportunity to be vaccinated. At FCI Butner Medium II, where Defendant is held, BOP has fully vaccinated 896 staff members and 2,481 inmates (which is over 49% of the entire Butner complex current inmate population). Additionally, there is only one current positive case of COVID-19 among the inmates or staff at FCI Butner Medium II.

Accordingly, the Court finds that Defendant has not shown that "extraordinary and compelling reasons" support his release.

C. *Section 3553(a) Factors*

At Defendant's sentencing, the Court considered each of the Section 3553(a) factors and determined that Defendant's conduct warranted a custodial sentence. In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *Id.*

Bureau of Prison records indicate that Defendant has had a limited and nonviolent disciplinary record during incarceration. The records also indicate Defendant obtained his GED while incarcerated and that he has completed twenty-one educational or work assignments during his time of incarceration. Although laudable, it does not outweigh the other Section 3553(a) factors and the danger he poses to society.

The Government argues that Defendant's motion for compassionate release should also be denied because he poses a danger to public safety. The Court agrees. Defendant is serving a federal prison sentence for two armed-bank robberies. Additionally, as stated earlier, Defendant, at sentencing, was designated a career offender due to his numerous felonies. At the time he committed his offense, Defendant had previously been convicted of armed robbery, robbery with a firearm, larceny and simple assault, possession of stolen goods and common law robbery. As this Court noted when Defendant was sentenced, his criminal history supports a need to protect the public and still does. On balance, the Section 3553(a) factors weigh against a sentence reduction in Defendant's case.

## IV. ORDER

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 (Doc. No. 153), is **DENIED**.

**SO ORDERED.**

Signed: July 17, 2021

Kenneth D. Bell
United States District Judge