# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CRIMINAL ACTION NO. 5:00-CR-00034-KDB-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **ORDER** |
| **DAVID GLENN GREEN,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant David Glenn Green's *pro se* motion for reconsideration of this Court's July 19, 2021 Order. (Doc. No.158).

On July 19, 2021, this Court entered an order denying Defendant's motion for compassionate release for failure to exhibit extraordinary and compelling reasons justifying release and the Court re-examined and determined that the § 3553(a) factors also weighed against granting release. Defendant then moved for reconsideration on August 4, 2021, arguing that the Court did not address his arguments under *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Evidently the Defendant missed reading the portion of the Order where the Court stated:

> In *McCoy*, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in section 1B1.13 and that a district court *may* "treat[] as [an] 'extraordinary and compelling reason[]'for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's] sentences and those provided for under the First Step Act." 981 F.3d 271, 286 (4th Cir. 2020). Were § 403 of the First Step Act in effect when Defendant was sentenced, he would have received a consecutive sentence of no more than 7 years in prison for each of the § 924(c) sentences. *See* 18 U.S.C. § 924(c)(1)(A)(ii).
>
> However, Defendant committed two armed robberies, was 43 years old when he committed his offenses and has a history of committing armed robberies. Defendant has not identified any reason supporting the reduction of the life

sentence he is serving for his bank-robbery convictions. Because of the severity of his criminal history, he would receive the same life sentence if he were convicted today, so none of the reasons supporting the district court's finding of extraordinary and compelling reasons in *McCoy* apply to Defendant's bank-robbery sentence.

Defendant also argues that the Court did not consider his post-sentencing conduct and positive prison record when weighing the § 3553(a) sentencing factors. Once again, the Defendant fails to read the portion of the Order where the Court stated:

> In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *Id.*

> Bureau of Prison records indicate that Defendant has had a limited and nonviolent disciplinary record during incarceration. The records also indicate Defendant obtained his GED while incarcerated and that he has completed twenty-one educational or work assignments during his time of incarceration. Although laudable, it does not outweigh the other Section 3553(a) factors and the danger he poses to society.

> …. Defendant is serving a federal prison sentence for two armed-bank robberies. Additionally, as stated earlier, Defendant, at sentencing, was designated a career offender due to his numerous felonies. At the time he committed his offense, Defendant had previously been convicted of armed robbery, robbery with a firearm, larceny and simple assault, possession of stolen goods and common law robbery. As this Court noted when Defendant was sentenced, his criminal history supports a need to protect the public and still does. On balance, the Section 3553(a) factors weigh against a sentence reduction in Defendant's case.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for reconsideration of this Court's July 19, 2021 Order (Doc. No. 158), is **DENIED**.

**SO ORDERED.**

Signed: August 18, 2021

Kenneth D. Bell
United States District Judge